# JOHNSON COUNTY SAVINGS BANK *v.* MENDELL.

CONTRACTS; FRAUD; NEGOTIABLE INSTRUMENTS.

1. A written contract for the sale of jewelry, wherein the purchaser agreed, among other things, to send a quarterly report of all goods sold and remaining on hand unsold, and wherein the seller agreed if the retail sales of the purchaser from the assortment purchased did not equal the amount of the purchase price within twelve and one-half months from date of invoice, it would buy back for cash at the original invoice price sufficient goods to make up the deficiency, followed by acceptance by the vendee of drafts for the purchase price, drawn by the vendor, maturing fifteen days before the settlement provided for by the contract, *held* to contain provisions impossible of fulfilment by the vendee, and to be tainted with fraud.

2. Where fraud is shown in the procurement of negotiable paper, the burden is on the holder to prove that it is an innocent holder in due course.

No. 2208.  Submitted January 5, 1911.  Decided February 6, 1911.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action on bills of exchange.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment of the supreme court of the District of Columbia in a suit brought by appellant, Johnson County Savings Bank, against the appellees, Mary C. Mandell and Peter J. Mendell, doing business under the name of P. J. Mendell & Company. The case was tried by a jury, and a verdict rendered in favor of the Mendell Company, defendant.

The action is based upon four bills of exchange in the nature of drafts, payable in three, six, nine, and twelve months, re-

spectively, after date.   The instruments, except as to date **of** payment, are each in the following form:

Lyon-Taylor  Company.

No. 4163.                        Iowa City, Iowa, Oct. 20, 1904.

Three months after date, pay to the order of Lyon-Taylor Company, at Iowa City, Iowa, ninety-five and. 00/000 dollars, $95.  Value received, and charge to account of

Lyon-Taylor  Company,

Per R.

To P. J. Mendell & Company, Washington, D. C., 1726–28
    7 St. N. W.

(Indorsement across face) "Accepted. P. J. Mendell & Company."

(Indorsement on back) "Dec. 8, 1904.  Pay Johnson County Savings Bank, Iowa City, Iowa, or order.  Lyon-Taylor Company. By N. H. Taylor."

These drafts were made to secure the payment of **an alleged** indebtedness arising upon the following contract:

Terms on all purchases subsequent to this trial **order are** sold on sixty days net, or 2 per cent cash, ten days.

Folio P.

Lyon-Taylor  Company.

Not Incorporated.

New York,            San Francisco,            St. Louis,
19 Maiden Lane.   825–855 Market Street.   Holland Building.

Factory: Iowa City, Iowa.

Gold Rings for the Babies.

Lyon-Taylor Company, in consideration of the following order, agrees to give a gold ring to each baby under one year **of** age in the vicinity where purchaser's store is located.  The following are the conditions under which these rings are to **be** given away:

1. An application must be made by the baby's mother **or** guardian on the blank provided by the Lyon-Taylor Company,

a copy of which is printed on the back of this order. This application must be filled out in full by said mother or guardian at purchaser's store.

2. The purchaser must mail the application within twelve months from date of shipment to the Lyon-Taylor Company, who will, on receipt of same, forward the ring to purchaser.

3. The mother or guardian must call at purchaser's store and get said ring, and sign a receipt provided by Lyon-Taylor Company, a copy of which is printed on the back of this order. The purchaser must countersign the said receipt, and mail it to the Lyon-Taylor Company. It is agreed that if purchaser at any time fails to comply with any of the provisions of this agreement, the Lyon-Taylor Company shall not be obliged to forward baby rings until said provisions have been complied with.

Advertising. Lyon-Taylor Company agrees to furnish the advertisement on the back of this order, or one like it, in circular form, for use in the vicinity where purchaser is located, and for the purpose of advertising these goods, the purchaser agrees to send the Lyon-Taylor Company by mail, registered, between the 1st and 5th day of each month, on blanks furnished for that purpose, 100 different names each month for six months of bona fide residents of his community. To each of these people the Lyon-Taylor Company agrees to send by mail their Illustrated Monthly.

Purchaser hereby waives right to claim failure of consideration, or goods not according to order or like samples, unless he has exhausted the terms of the warranty and exchange.

Following is a list of goods and terms for our $380 order. Positively no goods on commission.

Our Warranty. Any jewelry in this assortment, failing to wear satisfactorily, will be replaced by new articles free of charge if returned to us within five years from date of invoice.

Exchange Plan. Any jewelry in this assortment, not selling readily, may be exchanged for new styles and patterns of any jewelry in our stock, provided same is returned to us for exchange within one year from date of purchase.

Terms of Payment. 6 per cent discount, cash ten days, or

can be paid one fourth of the amount in three months, one fourth in six months, one fourth in nine months, one fourth in twelve months, without interest, if acceptances are given within fifteen days from date of invoice.

This trial order is composed of assorted patterns of articles listed below, made in sterling silver, rolled gold plate, gold front, gold filled and oxidized finish goods at prices ranging from lowest to highest price mentioned.

(A description of goods with price is here inserted.)

Time is of the essence of this agreement. The purchaser agrees to send a quarterly report of all goods sold and remaining on hand unsold. This sale is made under inducements and representations herein expressed, and no others. On condition that purchaser complies with the terms of this order at the time and manner herein stated, Lyon-Taylor Company guarantee, if the retail sales from the above assortment of jewelry in the undersigned merchant's store do not equal the amount of purchase price ($380) by the expiration of twelve and one-half months from date of invoice, that the Lyon-Taylor Company will buy back for cash, at the original invoice prices, sufficient jewelry from the merchant to make up the deficiency, and remit for sale by New York Exchange.

Lyon-Taylor Company, Factory:

Gentlemen:—

Please ship at your earliest convenience, the above order, upon the terms and conditions herein specified.

Postoffice, Washington.                    Date 10/11/09.

P. J. Mendell & Company, Name of purchaser.

I. M. Crane, Salesman.

*Mr. T. L. Jeffords* for the appellant.

*Mr. William Henry White* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The contract on its face contains provisions impossible of ful-

filment by the vendee. It is apparent it was so intended by the vendor company. The record discloses what might be expected from a transaction of this kind,—the placing of the jewelry with a bicycle dealer, instead of a jeweler; the securing of acceptance of the drafts under representations that they were only receipts; the making of the last draft mature fifteen days before settlement was provided for in the contract, when no liability whatever could be asserted against the vendor; the prompt assignment of the drafts to plaintiff bank; the misrepresentation of the quality and value of the goods; the sale of goods of the same worthless character sold defendant by agents of the vendor to others within the territorial limits in which the vendee was to have exclusive sale; and the selection of the jewelry by the vendor without consulting the wishes of the vendee.

It is unnecessary to indulge in any discussion of the law applicable to a case of this kind. It is one of a class of cases familiar to the courts of the country. *Stouffer* v. *Alford,* 114 Md. 110, 78 Atl. 387, and cases cited. The transaction, as it has appeared in the courts in its numerous disguises, is so tainted with fraud and deception that it has met with universal condemnation. No attempt was made by plaintiff bank to show that it was an innocent holder of the drafts, in due course. This burden was cast upon it when fraud was shown in the procuring of the instruments. It must be implied, therefore, from its silence, that it took the paper with notice of the fraud. It stands in no better light than the vendor.

The contract, on its face, as before suggested, is totally devoid of a commendable feature. Under the evidence, as disclosed by the record, but one course was left open for the jury. The verdict was a just one; in fact, the only one that could have been sustained. In the submission of the case to the jury, the trial judge was most liberal and considerate in his treatment of plaintiff. Nothing occurred of which plaintiff can complain. There was no error. The judgment is affirmed with costs, and it is so ordered.                                    *Affirmed.*